NOT FOR PUBLICATION

UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

DAWUD S. MUHAMMAD, a/k/a : 
DAVID LAMBERT, : Civil Action No. 04-643 (JAP)
:
        Petitioner, :
:
   v. : OPINION
:
TERRY MOORE, et al., :
:
        Respondents. :

**APPEARANCES:**

    DAWUD S. MUHAMMAD, a/k/a DAVID LAMBERT, Petitioner Pro Se
    #203312
    South Woods State Prison
    215 Burlington Road South
    Bridgeton, New Jersey 08302

    BARBARA A. ROSENKRANS, ESQ.
    Essex County Prosecutor's Office
    Essex County Courts Building
    Newark, New Jersey 07102
    Attorneys for Respondents

**PISANO, District Judge**

    This matter is before the Court on petitioner Dawud S. Muhammad's application for habeas corpus relief under 28 U.S.C. § 2254. For the reasons stated below, the petition for habeas relief will be denied for failure to make a substantial showing of a federal statutory or constitutional deprivation.

I. BACKGROUND

A. Procedural History

Petitioner, Dawud S. Muhammad ("Muhammad"), also known as David Lambert, is presently confined at the South Woods State Prison in Bridgeton, New Jersey, serving a life sentence with a 25-year period of parole ineligibility.

Petitioner was convicted in 1982 on three counts of knowing and purposeful murder and related offenses. His conviction was reversed because his statement taken after petitioner had asserted his right to counsel was admitted into evidence at trial contrary to Edwards v. Arizona, 451 U.S. 477 (1981). The case was later retried in 1986, and Muhammad was found guilty of conspiracy to commit murder and one count of murder. He was acquitted of the other related charges. Muhammad was sentenced to life imprisonment with a parole disqualifier of 25 years. He appealed and the Appellate Division affirmed in a per curiam Opinion filed on April 13, 1989. The New Jersey Supreme Court denied certification on October 10, 1989. State v. Lambert, 118 N.J. 188 (1989).

Thereafter, Muhammad filed his first post-conviction relief ("PCR") petition in state court, which was denied on March 26, 1990. Muhammad appealed and the Appellate Division affirmed denial of the PCR petition on June 12, 1991. The New Jersey Supreme Court denied certification on November 15, 1991. State

2

v. Lambert, 127 N.J. 552 (1991). Muhammad filed a second PCR petition, which again was denied by the trial court. Muhammad appealed but later withdrew his appeal on October 8, 1993. He then filed a petition for a writ of habeas corpus under 28 U.S.C. § 2254 in this district court, which was denied in Lambert v. Arvonio, Civ.A.No. 93-4127, 1995 WL 526538 (D.N.J. Sept. 5, 1995). The United States Court of Appeals for the Third Circuit declined review.

Muhammad then filed a third state PCR petition on or about May 30, 1997. In that petition, he raised issues regarding his sentence. The state trial court denied relief on or about February 20, 1998.

On January 9, 2001, Muhammad filed a motion to vacate his sentence on the ground that his new presentence report had not been prepared at the time he was resentenced in 1986. The State conceded the motion, and in an Order dated February 23, 2001, the state court directed that Muhammad be resentenced. On July 27, 2001, petitioner was resentenced to life imprisonment with a 25-year parole ineligibility. On August 3, 2001, Muhammad filed a motion for reconsideration on the ground that the sentencing court failed to consider information regarding petitioner's subsequent rehabilitation after his retrial and original resentencing in 1986. The motion was denied. The Appellate

3

Division affirmed the sentence on June 23, 2003, and the New Jersey Supreme Court denied certification on November 18, 2003.

Muhammad filed his second federal habeas petition on or about February 13, 2004, challenging only the sentence imposed on July 27, 2001. The respondents answered the petition, and provided the relevant state court record, on or about May 17, 2004. Muhammad filed a traverse on July 13, 2004.

B. Statement of Facts

The facts of this case were recounted below and this Court, affording the state court's factual determinations the appropriate deference under 28 U.S.C. § 2254(e)(1), will simply reproduce the New Jersey Appellate Division's factual recitation, as set forth on direct appeal from the 1986 retrial in this matter:

> On March 20, 1981, Lorenzo Beale and his wife Elisha Beale resided at 28 Silkman Place in Irvington. Much of the State's case was presented through Sam Johnson, an indicted co-conspirator. When Johnson testified, he had been convicted of all three murders and had been sentenced initially to three consecutive life terms. His sentences were reduced subsequently in exchange for his cooperation with the State. Johnson testified in a separate trial against Bruce Stubbs. We cannot determine from the record whether Johnson testified against others or what his sentence is.
>
> During the morning of March 20, William Payne called on Lorenzo Beale at this home. When Lorenzo did not answer the door, Payne entered the house and discovered Lorenzo Beale's body by the front door. Elisha's body was discovered in a rear bedroom and Jesse Reddick's body was found on the living room floor.

> There was evidence before the jury that defendant, Bruce Stubbs, Sam Johnson, Lorenzo Beale and Robert Rose had been involved in a zircons-for-diamonds scam. Customers were shown real diamonds and after a price was discussed, a zircon was substituted for the diamond. A dispute arose concerning money related to the diamond scam. As a result of the diamond scam, Rose was shot allegedly by Keith Brown and Lorenzo Beale is alleged to have driven the getaway car following that shooting. The State contended that Rose wanted Brown and Beale shot to even the score. To achieve that objective, Rose arranged with defendant, John Moss, Bruce Stubbs and Sam Johnson to shoot Lorenzo Beale. The agreement was that defendant and Moss would shoot Beale and Johnson would provide transportation. But Johnson changed his mind. As Johnson, Moss and defendant proceeded toward Beale's home, Johnson decided not to participate. He arranged for Moss to drop him off at a motel in Newark.
>
> The shooting occurred just after midnight on March 20, 1981. Not long afterwards, Johnson was picked up at the motel. At that time defendant and Moss stated that the job had been done. Moss indicated, however, that defendant had not done his job properly. Whereupon defendant is alleged to have protested, saying the job had been completed. Shortly thereafter, Stubbs and Joanne Rose, defendant's sister and Robert Rose's wife, met with defendant, Moss and Johnson. At the meeting Stubbs gave Moss $4,000 and Joanne Rose gave defendant $3,500 for executing the three victims.
>
> Doctors from the medical examiners' office testified that each of the three victims died of gun shot wounds to the chest. Each of the victims was described as having sustained one or more defensive wounds, primarily to the hands.

(Superior Court of New Jersey, Appellate Division, <u>per curiam</u> Opinion, decided April 13, 1989, Respondents' Exhibit C).

## II. <u>CLAIMS FOR HABEAS RELIEF</u>

Muhammad challenges his state court sentence that was imposed after a retrial, on April 27, 2001. In particular, he contends that: (1) the trial court improperly relied upon the presentence report from his first trial in determining the

appropriate sentence after his retrial; (2) the court erred in imposing the same sentence as in his first trial, based on an erroneous weighing process that double counted aggravating factors; and (3) the trial court's resentence was based on contradictory, confusing, and inadequate reasons, requiring a reversal and remand.

The respondents contend that the petition is a second or successive petition, that the petition is time-barred, that the claims lack merit, and that the sentencing claims are not cognizable in a federal habeas action. The Court rejects the State's affirmative defenses with respect to time bar and second or successive petition.

First, this action is not a second or successive petition. Muhammad's first federal habeas petition was filed and decided before the enactment of AEDPA[1] in April 1996, and challenged his 1986 conviction. It appears that the petition was dismissed with prejudice on the merits, and thus, would count as a first § 2254 petition prohibiting a second habeas petition challenging the same 1986 conviction and sentence. However, in this action, Muhammad is challenging only his resentence, which was imposed on April 27, 2001. The resentence constitutes a new judgment, and was clearly characterized as such by the state courts.

---

[1] Antiterrorism and Effective Death Penalty Act ("AEDPA"), Pub. L. 104-132, 110 Stat. 1217 (April 24, 1996).

Therefore, this petition is Muhammad's first federal habeas challenge to the new sentence of April 27, 2001.

As to the defense that the petition is time-barred, again, the Court finds the assertion to be without merit. Muhammad is challenging his new sentence, which was imposed on April 27, 2001. He immediately moved for reconsideration of the resentence, which the trial court denied. The matter was appealed directly to the Appellate Division, which affirmed by opinion decided June 23, 2003. The New Jersey Supreme Court denied certification on November 18, 2003. Muhammad filed his petition on or about February 13, 2004, well within the one-year limitations period pursuant to 28 U.S.C. § 2244(d)(1)(A).[2]

Because this Court has determined that petitioner's habeas action is neither time-barred or a prohibited second or

---

[2] The limitation period for a § 2254 habeas petition is set forth in 28 U.S.C. § 2244(d), which provides in pertinent part:

(1) A 1-year period of limitations shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court. The limitation period shall run from the latest of—

    (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review; ...

(2) The time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this section.

successive § 2254 petition, the Court will now turn to address the merits of the claims asserted by Muhammad.

### III. STANDARD GOVERNING REVIEW OF § 2254 CLAIMS

The Court recognizes that a pro se pleading is held to less stringent standards than more formal pleadings drafted by attorneys. Estelle v. Gamble, 429 U.S. 97, 106 (1976); Haines v. Kerner, 404 U.S. 519, 520 (1972). Thus, a pro se habeas petition should be construed liberally and with a measure of tolerance. See Royce v. Hahn, 151 F.3d 116, 118 (3d Cir. 1998); Duarte v. Hurley, 43 F. Supp.2d 504, 507 (D.N.J. 1999). Because Muhammad is a pro se litigant, the Court will accord his petition the liberal construction intended for pro se petitioners.

Under § 2254, as amended by the Anti-Terrorism and Effective Death Penalty Act of 1996 ("AEDPA"), federal courts in habeas matters must give considerable deference to determinations of the state trial and appellate courts. See 28 U.S.C. § 2254(e); Duncan v. Morton, 256 F.3d 189, 196 (3d Cir.), cert. denied, 122 S.Ct. 269 (2001); Dickerson v. Vaughn, 90 F.3d 87, 90 (3d Cir. 1996)(citing Parke v. Raley, 506 U.S. 20, 36 (1992)). Section 2254(d) sets the standard for granting or denying a habeas writ:

> (d) An application for a writ of habeas corpus on behalf of a person in custody pursuant to the judgment of a State court shall not be granted with respect to any claim that was adjudicated on the merits in State court proceedings unless the adjudication of the claim –
>
> > (1) resulted in a decision that was contrary to, or involved an unreasonable application of, clearly

8

>      established Federal law, as determined by the
>      Supreme Court of the United States; or
>
> (2)  resulted in a decision that was based on an
>      unreasonable determination of the facts in light
>      of the evidence presented in the State court
>      proceeding.

28 U.S.C. § 2254(d).

In Williams v. Taylor, 529 U.S. 362 (2000), the Supreme Court explained that subsection (d)(1) involves two clauses or conditions, one of which must be satisfied before a writ may issue. The first clause, or condition, is referred to as the "contrary to" clause. The second condition is the "unreasonable application" clause. Williams, 529 U.S. at 412-13. In the "contrary to" clause, "a federal court may grant the writ if the state arrives at a conclusion opposite to that reached by [the Supreme] Court on a question of law or if the state court decides a case differently than [the Supreme] Court has on a set of materially indistinguishable facts." Id. Under the "unreasonable application" clause, a federal court may grant the writ if "the state court identifies the correct governing legal principle from [the Supreme] Court's decisions but unreasonably applies that principle to the facts of [the petitioner's] case." Id. at 413. Habeas relief may not be granted under the "unreasonable application" condition unless a state court's application of clearly established federal law was objectively unreasonable; an incorrect application of federal law alone is

not sufficient to warrant habeas relief.  Id. at 411.  See also Werts v. Vaughn, 228 F.3d 178, 197 (3d Cir. 2000), cert. denied, 532 U.S. 980 (2001); Matteo v. Superintendent, SCI Albion, 171 F.3d 877, 891 (3d Cir. 1999), cert. denied sub nom Matteo v. Brennan, 528 U.S. 824 (1999).

Consonant with Williams, the Third Circuit has held that § 2254(d)(1) requires a federal habeas court to make a two step inquiry of the petitioner's claims.  First, the court must examine the claims under the "contrary to" provision, identify the applicable Supreme Court precedent and determine whether it resolves petitioner's claims.  See Werts, 228 F.3d at 196-97; Matteo, 171 F.3d at 888-891.  If the federal court determines that the state court's decision was not "contrary to" applicable Supreme Court precedent, then the court takes the second step of the analysis under § 2254(d)(1), which is whether the state court unreasonably applied the Supreme Court precedent in reaching its decision.  Werts, 228 F.3d at 197.

This second step requires more than a disagreement with the state court's ruling because the Supreme Court would have reached a different result.  Id.  AEDPA prohibits such *de novo* review.  Rather, the federal habeas court must determine whether the state court's application of the Supreme Court precedent was objectively unreasonable.  Id.  In short, the federal court must decide whether the state court's application of federal law, when

evaluated objectively and on the merits, resulted in an outcome that cannot reasonably be justified under existing Supreme Court precedent. Id.; see also Jacobs v. Horn, 395 F.3d 92, 100 (3d Cir. 2005).

Finally, federal courts are required to apply a "presumption of correctness to factual determinations made by the state court." Id.; see also 28 U.S.C. § 2254(e)(1). The Third Circuit has ruled that this presumption of correctness based upon state court factual findings can only be overcome by clear and convincing evidence. See Duncan, 256 F.3d at 196 (*citing* 28 U.S.C. § 2254(e)(1)). Consequently, a habeas petitioner "must clear a high hurdle before a federal court will set aside any of the state court's factual findings." Mastracchio v. Vose, 274 F.3d 590, 597-98 (1st Cir. 2001).

## IV. ANALYSIS

Muhammad's petition takes issue with the sentence imposed by the trial court on July 27, 2001. Specifically, he complains that the trial court improperly relied upon the presentence report from his first trial and imposed the same sentence as in his first trial, based on an erroneous weighing process that double counted aggravating factors. Muhammad contends that the trial court's resentence was based on contradictory, confusing, and inadequate reasons.

11

Prior to the resentencing of July 27, 2001, Muhammad had sought to have his sentence vacated after his retrial and original resentencing in 1986, based on the ground that he had been resentenced without an updated presentence report.[3]  In particular, the presentence report did not contain information as to petitioner's good behavior and rehabilitative efforts in prison since his first trial.  In February 2001, the State consented to Muhammad's motion to vacate his sentence and to schedule a resentencing procedure.  The trial court declined to vacate the sentence, but did order an updated presentence report and scheduled a date for resentencing.  (February 23, 2001 Motion Transcript, 2:23-3:13).

On July 27, 2001, the resentencing proceeding took place before the Honorable Hector E. DeSoto, J.S.C.  He resentenced Muhammad to the same sentence as imposed on March 17, 1986, life imprisonment with a 25-year parole ineligibility.  Judge DeSoto considered only the information in an updated presentence report as it concerned petitioner's incarceration between the time of his first trial and the second trial and original resentencing in 1986.  He did not consider, nor was petitioner able to fully

---

[3] Muhammad was retried in a jury trial with the Honorable Charles E. Villanueva, J.S.C. presiding from January 15, 1986 to February 5, 1986.  Judge Villanueva originally resentenced Muhammad on March 17, 1986, allegedly relying on inaccurate information and without an updated presentence report.

represent to the court on July 27, 2001, any information as to his prison progress notes after the original resentencing.

After the July 27, 2001 resentencing, Muhammad filed a motion for reconsideration and modification of his sentence, which Judge DeSoto denied in a hearing held on January 7, 2002. Judge DeSoto found that prison progress notes beyond the original resentencing in March 1986 were not relevant. (January 7, 2002 Motion Transcript, 9:12-10:24). The court stated:

> In fact, I have looked at the current submissions and, quite frankly, while Mr. Lambert has made substantial efforts towards rehabilitation, I stated back in July and I reiterate today, that is not the sole criteria or the only factor to be considered by the Court. I have to be very cognizant of the fact that Mr. Lambert stands convicted of a contract murder and that there are other significant societal considerations other than his rehabilitation. And, as such I think that the original sentence imposed is appropriate and I still stand by that.

(Id., 11:15-12:1).

Muhammad appealed this ruling and the Appellate Division affirmed. In particular, the appellate court found:

> We have carefully considered the arguments made by defendant and determine that these arguments are without merit and do not warrant discussion in a written opinion. R. 2:11-3(e)(2). We conclude that the sentencing factors identified by Judge DeSoto are supported by the evidence. The sentence is in accord with the sentencing guidelines and based on a proper weighing of the factors. State v. O'Donnell, 117 N.J. 210, 215 (1989). The sentence does not shock our judicial conscience. State v. Roth, 95 N.J. 334, 364-65 (1984).

(Resp. Exhibit J, Appellate Division per curiam Opinion, decided June 23, 2003, at pg. 3).

13

Sentencing is generally considered a matter of state criminal procedure, which does not fall within the purview of federal habeas review. United States v. Cepero, 224 F.3d 256, 267 (3d Cir. 2000), cert. denied, 531 U.S. 1114 (2001); Ervin v. Beyer, 716 F. Supp. 163, 165 (D.N.J. 1989); Grecco v. O'Lone, 661 F. Supp. 408, 415 (D.N.J. 1987); see also Johnson v. Beto, 383 F.2d 197, 198 (5th Cir. 1967), cert. denied, 393 U.S. 868 (1968). Indeed, absent some constitutional violation, federal courts cannot review a state's alleged failure to adhere to its own sentencing procedure. Rorie v. Beard, Civ.A.No. 04-3380, 2005 WL 825917, *5 (E.D. Pa. April 7, 2005)(citing Branan v. Booth, 861 F.2d 1507, 1508 (11th Cir. 1988)). Thus, a federal court will not reevaluate a sentence in a habeas proceeding unless it exceeds the statutory limits. Jones v. Superintendent of Rahway State Prison, 725 F.2d 40 (3d Cir. 1984); see also Williams v. Duckworth, 738 F.2d 828, 831 (7th Cir. 1984), cert. denied, 469 U.S. 1229 (1985)("As a general rule, federal courts will not review state sentencing determinations that fall within statutory limits."); Bonner v. Henderson, 517 F.2d 135, 136 (5th Cir. 1975)("This Court will not upset the terms of a sentence within statutory limits unless so disproportionate to the offense as to be completely arbitrary and shocking").

Moreover, federal courts will not interfere with a state's sentencing scheme unless the petitioner can show that no

reasonable sentencing court would have found the aggravating factors necessary to justify imposition of the sentence. <u>Lewis v. Jeffers</u>, 497 U.S. 764, 783 (1990). Further, "[w]hile normal sentencing proceedings are not immune from all due process attacks, the Supreme Court has required only minimal due process protections in those proceedings." <u>United States v. Davis</u>, 710 F.2d 104, 106 (3d Cir.), <u>cert</u>. <u>denied</u>, 464 U.S. 1001 (1983)(citations omitted).

Here, petitioner has not demonstrated that his resentence violates any federal constitutional rights. An examination of the resentencing transcript shows that the court properly evaluated the aggravating and mitigating factors in a fair and reasonable manner based on the evidence proven at retrial and the updated presentence reports. The court acknowledged petitioner's extensive criminal history before this conviction, but also noted the rehabilitative efforts taken by petitioner since his current incarceration. The court did state, as a mitigating factor, that petitioner was not likely to commit another crime. However, the court found the gravity and seriousness of the crime (contract murder) and the extent and seriousness of petitioner's prior criminal record to be aggravating factors outweighing the mitigating factor. (July 27, 2001 Sentencing Transcript, 27:25-28:25). Moreover, Muhammad's sentence plainly does not exceed the statutory limits for a murder conviction, nor does it shock

the judicial conscience, as stated by the Appellate Division in its June 23, 2003 decision. Thus, Muhammad's claim lacks substantive merit, and is not subject to federal review because it does not demonstrate a violation of a federal constitutional right.

## V. CERTIFICATE OF APPEALABILITY

This Court next must determine whether a certificate of appealability should issue. See Third Circuit Local Appellate Rule 22.2. The Court may issue a certificate of appealability only if the petitioner "has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). For the reasons discussed above, this Court's review of the claims advanced by Muhammad demonstrates that he has failed to make a substantial showing of the denial of a federal constitutional right necessary for a certificate of appealability to issue. Thus, this Court declines to issue a certificate of appealability pursuant to 28 U.S.C. § 2253(c)(2).

## VI. CONCLUSION

For the foregoing reasons, this Court finds that Muhammad's § 2254 habeas petition should be denied on the merits. A certificate of appealability will not issue. An appropriate Order accompanies this Opinion.

_____
JOEL A. PISANO
United States District Judge

DATED: Nov 29, 2005